PER CURIAM.
The Florida Department of Health and Rehabilitative Services appeals the trial court’s denial of its petition seeking support and medical insurance for the 13-year-old child of Dale Skates. The child resides with his mother outside of Florida.
In 1982, the circuit court of Lenawee County, Michigan, entered an order which provided that Skates should pay child support. The order, however, did not set an amount. Instead, the order provided that payments would commence when Skates had an ability to pay and required him to appear at the court weekly to report on income and earnings. The record is silent as to whether Skates complied with the weekly reporting requirements and as to why it took until 1988 to seek an order determining the amount of support. At present, Skates resides in Florida with his wife, his two later-born children, and three stepchildren. His weekly take-home pay is $225, and the trial court’s order denying support stated that Skates has no ability to pay child support because he supports his Florida family on his earnings. We reverse.
Skates took on the obligation of his Florida family after the birth of his first child. His voluntary assumption of the additional obligations cannot be the basis for denial of support for his earlier-born child. Indeed, section 61.30(10)(e), Florida Statutes (1989), recognizes the greater needs of older children. If the earlier-born child were now living with his father and the father’s new family, he would be sharing support with his father’s younger children. The earlier-born child should not be denied support simply because he is not sharing the same abode.
The child support guidelines of section 61.30, Florida Statutes (1989), presumptive *82 ly establish the amount of child support to be ordered. Subsection 61.30(10)(i) allows an adjustment by the trial court to achieve an equitable result in establishing the amount of child support. But such an adjustment should not serve to eliminate the support for a firstborn child because a parent is legally obligated to provide support for additional children.
Accordingly, we reverse the denial of child support and remand for determination of an appropriate amount of support pursuant to section 61.30, Florida Statutes, after consideration of all children for whom Skates has the legal obligation of support. Additionally, we note that Skates’ earnings report indicates that medical insurance may be available for his firstborn child. On remand, the trial court shall determine whether such insurance is reasonably available and, if so, order Skates to provide it for the child.
REVERSED and REMANDED.
HARRIS, PETERSON and GRIFFIN, JJ., concur.